661 S.E.2d 374

Sherrie **LAZICKI–THOMAS**, Appellant,

v.

**SOUTH CAROLINA BUDGET AND CONTROL BOARD,**
South Carolina Retirement Systems, Respondent.

No. 26487.

Supreme Court of South Carolina.

Heard March 19, 2008.

Decided May 12, 2008.

Robert E. Hoskins, of Foster Law Firm, of Greenville, and Robertson H. Wendt, Jr., of North Charleston, for Appellant.

Kelly H. Rainsford, and David K. Avant, both of South Carolina Retirement Systems, of Columbia, for Respondent.

Justice PLEICONES.

The issue in this appeal is whether the Administrative Law Court (ALC) correctly interpreted the meaning of the phrase "member in service" in the Police Officers Retirement System (PORS) disability statute [1] to mean a member who is still an employee. We hold the phrase was properly construed and affirm.

## FACTS

Appellant was employed as a City of North Charleston firefighter, accruing five years, three months, and sixteen days of service credit in the PORS. In April 2004, she was allegedly injured on the job, and as of January 28, 2005, her city employment was terminated. Appellant filed an application for disability retirement on August 16, 2005, and respondent promptly notified her that she was ineligible to apply because she was not "in service" when the application was made. Following exhaustion of her administrative remedies and a final determination by respondent, appellant filed a request for a contested case hearing with the ALC.

In August 2006, while appellant's case was pending, the ALC sitting *en banc* issued an order in a case entitled *Anderson v. S.C. Budget & Control Bd., S.C. Retirement Sys.*

---

1. S.C.Code Ann. § 9–11–80 (1985 & Supp.2007).

In *Anderson*, the ALC interpreted the phrase "member in service" in the South Carolina Retirement System (SCRS) disability retirement statute.[2] The ALC held that the phrase "as applied to an employee seeking disability retirement benefits, plainly means a person having the status of an employee ... at the time the application for disability benefits is filed, specifically including those on accrued annual leave or sick leave." In reaching this decision, the ALC relied in part on the legislative histories of the PORS disability retirement statute and the Retirement System for Members of the General Assembly disability statute,[3] both of which contain language identical to that in the SCRS statute, i.e., "the application of a member in service." The parties and the ALC agree the *Anderson* order applies to disability applicants under all three retirement systems.

Following the filing of the *Anderson* order, respondent was granted summary judgment. This appeal follows.

## ISSUE

Whether a disability retirement application is untimely if not filed while the applicant is a member in service?

## ANALYSIS

The PORS disability retirement statute contains the following provision:

> On **the application of a member in service** or the member's employer, a member who has five or more completed years of earned service or any contributing member who is disabled as a result of an injury arising out of and in the course of the performance of the member's duties regardless of length of membership may be retired by the retirement board not less than thirty days and not more than nine months next following the date of filing the application on a disability retirement allowance if the system, after a medical examination of the member, certifies that the member is mentally or physically incapacitated for the further perform-

---

2. S.C.Code Ann. § 9–1–1540 (Supp.2007).

3. S.C.Code Ann. § 9–9–65(1) (Supp.2007).

ance of duty, that the incapacity is likely to be permanent, and that the member should be retired.

§ 9–11–80(1) (emphasis supplied).

The ALC found that there was no need to resort of the rules of statutory construction to determine the meaning of the term "in service" as the language was clear, plain and unambiguous, and meant that the member was an employee at the time the disability application was filed. *See Ventures South Carolina, LLC v. S.C. Dep't of Rev.,* Op No. 26486, 661 S.E.2d 339 (S.C. Sup.Ct. filed May 12, 2008) ("where language is plain and unambiguous ... the rules of statutory interpretation are not needed").

Appellant contends the ALC erred in finding the disability retirement statute unambiguous. Her focus is not on the term "member in service," but rather the event to which it applies. She reads the statute to require that the disability arise during employment, and to be silent on the time for filing the application. We disagree.

The PORS disability statute begins with the clause "On the application of a member in service," an unambiguous reference to the application process. The timing of the disabling event is found later in the sentence, with disability retirement available to a member with five or more completed years of earned service who becomes disabled for any reason, or to any contributing member with less than the five years "who is disabled as a result of an injury arising out of and in the course of the performance of the member's duties...." That the disabling event and the application must both occur while the person is still employed is evident from the procedural language at the conclusion of the statute which states the applicant "may be retired ... if the system ... certifies that the member should be retired." A person who is no longer working for the entity cannot "be retired" from that agency. We find no support for appellant's assertion that the statute's opening phrase "On the application of a member in service" merely qualifies the timing of the disabling event rather than defining the application period.

The disability retirement statutes mandate that the application be filed by a "member in service." Appellant was not in service when her application was filed, and respondent's sum-

mary judgment motion was properly granted. Therefore, the order on appeal is

**AFFIRMED.**

TOAL, C.J., WALLER, BEATTY, JJ. and Acting Justice E.C. BURNETT, III, concur.